IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CR. CASE NO. 07-336 (JDB) |
| ERICKSTON BENNETT | : |

### MOTION TO SUPPRESS

Erickston A. Bennett moves this Court for an order suppressing any and all evidence seized as a result of his encounter with law enforcement officers on November 7, 2007 on the basis that the warrantless stop, searches and arrest involved in this case violated his Fourth Amendment rights under the United States Constitution protecting him against unreasonable searches and seizures.[1] Such evidence includes, but is not limited to, suspected cocaine base, narcotic related items, a firearm, ammunition, United States currency, keys and personal papers.

### INTRODUCTION

A three Count indictment was filed in the instant case on December 6, 2007. Count One of the indictment charges Mr. Bennett with unlawfully possessing with the intent to distribute fifty grams or more of cocaine base (in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii)); Count Two charges Mr. Bennett with unlawful possession of a firearm and ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year (in violation of 18 U.S.C. § 922(g)(1)); and Count Three charges Mr. Bennett with Using, Carrying and Possessing

---

[1] In the event counsel learns of new information supporting the need for further motions, counsel respectfully reserves Mr. Bennett's right to later supplement this motion and/or file additional motions which may be appropriate in his case. For instance, undersigned counsel understands that the government obtained a search warrant for the purpose of searching a residence allegedly connected with Mr. Bennett. Because undersigned counsel has not been made aware of any evidence the government seeks to introduce as a result of the execution of this search warrant, Mr. Bennett is not filing any motion in relation to the search warrant or in relation to the execution of the search warrant.

a Firearm During a Drug Trafficking Offense (in violation of 18 U.S.C. § 924(c)(1)). Mr. Bennett was arraigned on December 20, 2007 and he entered pleas of not guilty to each count with which he is charged. The matter is currently set for a Motions Hearing on April 22, 2008.

## STATEMENT OF FACTS[2]

On November 7, 2007, law enforcement officers initiated contact with Mr. Bennett in the area of the 1100 block of Queen Street, Northeast, Washington, D.C.. The police arrested Mr. Bennett without an arrest warrant and searched him. As a result of the search of Mr. Bennett, police allege to have recovered $330.00 in United States currency and keys to an automobile. Law enforcement officers also conducted warrantless searches of a vehicle and a backpack, both of which the police allege were being used by Mr. Bennett. The police report that suspected cocaine base was recovered from the center console area of the vehicle and that personal papers were recovered throughout the vehicle. The police further report that a firearm, ammunition, narcotic related items and personal papers were recovered from the backpack. Mr. Bennett asserts that the officers did not have probable cause, or any other valid exception to the warrant requirement, to arrest and search him or to search either the vehicle or the backpack.

## ARGUMENT

**I.    THE EVIDENCE SHOULD BE SUPPRESSED BECAUSE THE WARRANTLESS SEARCHES AND SEIZURE INVOLVING MR. BENNETT VIOLATED HIS FOURTH AMENDMENT RIGHTS.**

The Fourth Amendment of the United States Constitution requires that all searches and seizures, including searches and seizures of the person, be "reasonable." See also Vernonia School District 47J v. Acton, 515 U.S. 646 (1995). In order for warrantless searches and seizures to be

---

[2]This statement of facts is a summary based on statements made in police reports connected with this case.

"reasonable," they must be supported by a limited exception such as probable cause. See New Jersey v. T.L.O., 469 U.S. 325, 341-342 (1985). In the instant case, the search of the vehicle and backpack as well as the search and arrest of Mr. Bennett were unreasonable considering that such action was taken by law enforcement officers without the existence of probable cause or based on any other legitimate exception to the warrant requirement. For these reasons, the searches and seizure involved in this case violated Mr. Bennett's rights under the Fourth Amendment of the United States Constitution. Since exclusion of any evidence recovered as a result of a Fourth Amendment violation is the proper remedy in such circumstances,[3] Mr. Bennett requests that the alleged cocaine base, firearm, ammunition and all other items allegedly recovered as a result of the November 7, 2007 encounter be suppressed.

**II.     THE BURDEN IS ON THE GOVERNMENT TO JUSTIFY THE SEIZURE OF MR. BENNETT.**

As discussed above, Mr. Bennett asserts that his warrantless seizure violated his rights under the Fourth Amendment. In such cases, the government has the burden of showing probable cause for a warrantless seizure. Hayes v. Florida, 470 U.S. 811 (1985); Florida v. Royer, 460 U.S. 491, 500 (1983); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980). See also Katz v. United States, 389 U.S. 347 (1967); Henry v. United States, 361 U.S. 98 (1958). The government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known to the arresting officer at the time he seized Mr. Bennett justified that seizure. United States v. Jenkins, 530 F. Supp. 8, 10 (D.D.C. 1981), citing, Brinegar v. United States, 338 U.S. 160, 175 (1949).

---

[3] See Wong Sun v. United States, 371 U.S. 471 (1963).

**III.   THE BURDEN IS ON THE GOVERNMENT TO JUSTIFY THE SEARCHES OF THE VEHICLE, THE BACKPACK AND OF MR. BENNETT**.

Because the searches involving the vehicle, backpack and Mr. Bennett were all conducted without a warrant, the government bears the burden of proving that such conduct was legal. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed. 2d 564 (1971) (plurality opinion).  Furthermore, searches conducted without prior judicial approval through the issuance of a search warrant are per se deemed to be unreasonable.  Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed. 2d 576 (1967).  Although certain exceptions to the warrant requirement have developed, these exceptions are "jealously and carefully drawn." Jones v. United States, 357 U.S. 493, 499, 78 S.Ct. 1253, 1257, 2 L.Ed. 2d 1514 (1957).

## CONCLUSION

For the foregoing reasons, Mr. Bennett claims that the searches and seizures involved in this case unlawfully violated his rights under the Fourth Amendment.  If the government disagrees, it should be required to justify the searches and seizures involved in this case at an evidentiary hearing. If it cannot do so, Mr. Bennett respectfully requests that this Court suppress all evidence seized, and fruits thereof, as a result of the unconstitutional searches and seizure.

Mr. Bennett respectfully requests an evidentiary hearing on this motion.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Tony W. Miles
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C.  20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| **v.** | : **Criminal No. 07-336 (JDB)** |
| | : |
| **ERICKSTON BENNETT** | : |
| | : |

# ORDER

_____Upon consideration of defendant's Motion to Suppress, it is hereby

**ORDERED** that defendant's motion is **GRANTED**; and it is

**FURTHER ORDERED** that all evidence seized in connection with this case shall be suppressed.

**SO ORDERED**.

_____
THE HONORABLE JOHN D. BATES
UNITED STATES DISTRICT JUDGE

DATE:

Copies to:
AFPD Tony W. Miles
AUSA Rhonda Campbell