IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CR. CASE NO. 07-336 (JDB) |
| ERICKSTON BENNETT | : |

**MOTION TO SUPPRESS STATEMENTS
AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES
AND REQUEST FOR EVIDENTIARY HEARING**

Erickston Bennett, through undersigned counsel, respectfully moves this Honorable Court to suppress as evidence against him at trial statements he allegedly made in connection to his arrest because they were obtained in violation of the Fourth Amendment; they were made in violation of his Fifth Amendment right under the United States Constitution and; they were involuntarily made. An evidentiary hearing on this motion is respectfully requested.

**INTRODUCTION**

A three Count indictment was filed in the instant case on December 6, 2007. Count One of the indictment charges Mr. Bennett with unlawfully possessing with the intent to distribute fifty grams or more of cocaine base (in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii)); Count Two charges Mr. Bennett with unlawful possession of a firearm and ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year (in violation of 18 U.S.C. § 922(g)(1)); and Count Three charges Mr. Bennett with Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense (in violation of 18 U.S.C. § 924(c)(1)).

The government asserts that Mr. Bennett made statements to the police regarding the instant case. While the government has not specifically informed the defense whether it intends to use any of Mr. Bennett's alleged statements at trial, Mr. Bennett requests that any alleged statements made by him be suppressed in the event the government seeks to admit this evidence at trial.

## ARGUMENT

### The Statements Must Be Suppressed as the
### Tainted Fruit of an Illegal Search and Seizure.

Mr. Bennett's alleged statements were made after his warrantless arrest. As discussed in a separate motion, it is Mr. Bennett's position that his arrest was unlawful. Thus, because Mr. Bennett's alleged statements are the tainted fruit of his unlawful arrest, the statements must be suppressed as fruits of unlawful police conduct. See Taylor v. Alabama, 457 U.S. 687 (1982); Dunaway v. New York, 442 U.S. 200, 220 (1979); Wong Sun v. United States, 371 U.S. 471 (1963).

### Mr. Bennett's Alleged Statements Were Made in
### Violation of His Fifth Amendment
### Right Under the United States Constitution

Mr. Bennett's alleged statements were obtained in violation of his Miranda rights. Miranda v. Arizona, 384 U.S. 436 (1966). For that reason, they must be suppressed. There can be no finding that, when he allegedly made the statements at issue in this case, Mr. Bennett intentionally relinquished a known right or privilege. Johnson v. Zerbst, 304 U.S. 458, 464 (1938). See also Tague v. Louisiana, 444 U.S. 469, 471 (1980) (any waivers must be shown to be understanding).

### Mr. Bennett's Alleged Statements were Made Involuntarily

The government must prove by a preponderance of the evidence that Mr. Bennett's alleged statements were made voluntarily. Lego v. Twomey, 404 U.S. 777 (1972). The Court must consider the "totality of the circumstances" in deciding whether Mr. Bennett made any statements voluntarily. Fikes v. Alabama, 352 U.S. 191 (1957). See also Gallegos v. Colorado, 370 U.S. 49 (1962) (determination of whether an accused's statement was made involuntarily so as to render it inadmissible requires close scrutiny of the facts of each individual case); Clewis v. Texas, 386 U.S. 707 (1967). Specifically, the Court must examine the efforts to overbear Mr. Bennett's free will in relation to his capacity to resist those efforts. Davis v. North Carolina, 384 U.S. 737 (1966);

Culombe v. Connecticut, 367 U.S. 568, 607 (1961). The Court must examine Mr. Bennett's "background, experience, and conduct," North Carolina v. Butler, 441 U.S. 369, 375 (1979), to determine whether his alleged statements were the product of a rational intellect and a free will. Blackburn v. Alabama, 361 U.S. 199, 208 (1980).

## CONCLUSION

For all the forgoing reasons, either one of which alone is sufficient to compel suppression of Mr. Bennett's alleged statements in this case, and for any other reasons this Court may deem just and proper, and which may appear in supplemental pleadings which Mr. Bennett explicitly reserves the right to file, Erickston Bennett, through counsel, respectfully requests that this motion be granted and that any statements allegedly made by him be suppressed as evidence against him at trial.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Tony W. Miles
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| **v.** | : **Criminal No. 07-336 (JDB)** |
| | : |
| **ERICKSTON BENNETT** | : |
| | : |

**ORDER**

      Upon consideration of defendant's Motion to Suppress Statements, it is hereby

**ORDERED** that defendant's motion is **GRANTED**; and it is

      **FURTHER ORDERED** that all statements allegedly made by Mr. Bennett shall be

suppressed.

      **SO ORDERED**.


_____
THE HONORABLE JOHN D. BATES
UNITED STATES DISTRICT JUDGE


DATE:

Copies to:
AFPD Tony W. Miles
AUSA Rhonda Campbell