IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CR. CASE NO. 07-336 (JDB) |
| ERICKSTON BENNETT | : |

**SUPPLEMENT TO DEFENDANT'S MOTION TO SUPPRESS**

Erickston A. Bennett previously filed a motion to suppress evidence concerning the instant case. On April 22, 2008, a Motions Hearing was conducted in this case in order to determine whether Mr. Bennett's Motion to Suppress should be granted. At the conclusion of the hearing, among other requests, the Court extended an opportunity to the defense to provide the Court with authority for Mr. Bennett's position that the Court must determine whether Mr. Bennett had a legitimate expectation of privacy in the backpack found in the Monte Carlo vehicle in addition to determining whether Mr. Bennett had a legitimate expectation of privacy in the vehicle. Despite this Court's finding at the Motions Hearing that Mr. Bennett did not have a legitimate expectation of privacy in the Monte Carlo vehicle,[1] Mr. Bennett contends that he nevertheless maintains a legitimate expectation of privacy with respect to the backpack which was found in the passenger compartment of the Monte Carlo.

Mr. Bennett asserts that he had a privacy interest in the backpack located in the vehicle and the evidence presented at the Motions Hearing and statements made in the Government's Opposition to Defendant's Motion to Suppress support Mr. Bennett's contention. The evidence before this Court indicates that Mr. Bennett was observed by a law enforcement officer driving the Monte Carlo vehicle only a few minutes before the officer observed the backpack in the vehicle. When the

---

[1] This is a finding with which Mr. Bennett disagrees.

backpack was later searched it was determined that numerous personal papers bearing Mr. Bennett's name were inside the backpack. Included amongst these personal papers were such documents as "Bennett's Equifax credit report, and defendant Bennett's child support enforcement paperwork and receipts." Government's Opposition at 4. Also included in the backpack were "a cellular phone subscribed to defendant Bennett, and defendant Bennett's cellular phone bill." Id..

The following cases provide support for Mr. Bennett's position that he had a legitimate expectation of privacy with respect to the backpack found in the vehicle even though this Court has found that Mr. Bennett has no such expectation with regard to the vehicle: Bond v. United States, 529 U.S. 334 (2000) (defendant had a legitimate expectation of privacy with respect to his luggage located on a bus and the physical manipulation of defendant's luggage constituted an unconstitutional search); United States v. Edwards, 242 F.3d 928 (10th Cir. 2001) (defendant had a legitimate expectation of privacy with regard to his bags which were located in the trunk of vehicle even though defendant does not have a legitimate expectation of privacy with respect to the vehicle). United States v. Buchner, 7 F.3d 1149 (5th Cir. 1993) (owner of a shoulder bag contained in a car belonging to another person has a legitimate expectation of privacy with respect to the shoulder bag); United States v. Infante-Ruiz, 13 F.3d 498 (1st Cir. 1994) (owner of briefcase has a legitimate expectation of privacy with regard to briefcase when briefcase located in trunk of vehicle which belongs to a third party and where other persons have stored their belongings in owner's briefcase).

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Tony W. Miles
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004
(202) 208-7500