IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CR. CASE NO. 07-336 (JDB) |
| ERICKSTON BENNETT | : | |

**RESPONSE TO GOVERNMENT'S SUPPLEMENTAL MOTION IN RESPONSE
TO COURT ORDER FOLLOWING THE MOTIONS HEARING**

Erickston A. Bennett, through undersigned counsel, respectfully submits the following response to the government's supplemental motion filed on April 24, 2008.

**A.     Argument**

1.     Search of Vehicle and Backpack Were Not Incident to Arrest.

Searches by law enforcement officers which are "incident to arrest" have been recognized as an exception to the warrant requirement. Chimel v. California, 395 U.S. 752 (1969). This search incident to arrest exception applies to the passenger compartment area of vehicles. New York v. Belton, 453 U.S. 454 (1981). Searches incident to arrest are a legitimate exception to the warrant requirement only as a means of protection against weapons which may be in the immediate area and in order to prevent anyone from destroying evidence. Chimel at 763. For this reason, searches incident to arrest are only valid when they are conducted within an area of the immediate control of an arrested person. Id.. Searches are not "incident to arrest" "where the police come upon arrestees outside of an automobile." United States v. Fafowora, 865 F.2d 360, 362 (D.C. Cir. 1989). If the passenger compartment of a vehicle "was not within the 'immediate surrounding area' into which [arrestees] might have reached" at the time of their arrest, any search of the passenger compartment is not a valid search incident to arrest. Id.; see also United States v. Strahan, 984 F.2d 155 (6th Cir. 1993). In Mr. Bennett's case, Mr. Bennett was not in the vehicle when he was approached by police.

Rather, Mr. Bennett was on the porch area of a private residence when he was approached. Therefore, regardless of what any regulations of the Metropolitan Police Department state, law enforcement officers were not permitted to search either the vehicle[1] or the backpack as a search incident to arrest.

    2.    <u>To the Extent MPD Regulations Allow for Searches of Contraband During Inventory Searches, the MPD Regulations are Unconstitutional</u>[2]

The inventory search exception to the warrant requirement allows officers to conduct searches for the sole purposes of protecting the police against claims of theft and to provide protection from potentially dangerous articles. <u>Florida v. Wells</u>, 495 U.S. 1 (1990). Significantly, "[t]o be justified as an inventory search, however, the search cannot be investigatory in nature but must instead be used only as a tool to record the defendant's belongings to protect the police from potential liability." <u>United States v. Edwards</u>, 242 F.3d 928, 938 (10th Cir. 2001). Thus, regardless of what the MPD regulations provide, any search by law enforcement for contraband in the Monte Carlo Vehicle or in Mr. Bennett's backpack during an "inventory search" is unconstitutional.

    3.    <u>Officer Cortright did not Properly Follow MPD Regulation Regarding Inventory Searches</u>.

When reviewing the March 1, 2001 MPD Special Order regarding recovered stolen vehicles, it is clear that Officer Cortright did not properly follow established MPD procedures. First, the

---

[1] Especially any search of the vehicle's trunk.

[2] The March 1, 2001 MPD Special Order produced by the government discuss examining vehicles for contraband. The regulations are unclear concerning whether such examination is considered part of an inventory search and about whether "examination" refers to making plain view observations or if it refers to actually searching items. If these regulations are considered applicable to inventory searches and if "examination" means conducting searches, Mr. Bennett contends that certain provisions of the MPD regulations violate the United States Constitution.

provided MPD regulations require police notify the proper owner of any stolen vehicle and, if possible, release the vehicle to the owner on the scene. Second, the regulations require taking proper inventory of items in the vehicle. In the instant case, police did not contact Enterprise Car Rental about the recovery of one of its vehicles to allow them to take possession of the vehicle on the scene.[3] There was no evidence concerning any potential difficulty in notifying the proper owner. In fact, Officer Cortright testified that the police would have been able to get into contact with Enterprise with great ease especially considering the good "connections" an officer assisting Officer Cortright had. Finally, there is no evidence that police took proper inventory of the items in the vehicle or backpack in a manner consistent with inventory searches and with MPD regulations.

        Respectfully submitted,
        A. J. KRAMER
        FEDERAL PUBLIC DEFENDER

        _____/s/_____
        Tony W. Miles
        Assistant Federal Public Defender
        625 Indiana Avenue, N.W.
        Suite 550
        Washington, D.C. 20004
        (202) 208-7500

---

[3]The government's reliance on the "Hostile Crowd or Inclement Weather" provision of the May 26, 1972 MPD regulations is misplaced. The evidence before the court is simply that there was a crowd present when they took the vehicle from the scene. There is no evidence that the crowd was hostile or that there was any inclement weather. Also, the "Hostile Crowd or Inclement Weather" provision of the MPD regulations applies to searches incident to arrest and not to inventory searches. Therefore, to the extent that the government wishes to rely on its inventory search theory, there is no justification for removing the car from the scene on the basis that there was a hostile crowd or that the weather was poor.