UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No.  07-336 (JDB) |
| | : | |
| ERRICKSTON BENNETT, | : | Trial Date: May 12, 2008 |
| | : | |
| Defendant. | : | |
| | : | |

**UNITED STATES' MOTION TO ADMIT OTHER CRIMES
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of prior misconduct, all of which is relevant to prove defendant's intent, knowledge, motive, plan, preparation, and absence of mistake, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)") .  In support of its motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

**Factual Summary**

1. The defendant is charged in a four-count indictment with the following crimes: Possession with Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii), Unlawful Possession of a Firearm and Ammunition by a Person Convicted of Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), and Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1).

2. At a hearing or trial in this matter, government counsel expects the evidence for

these charges to demonstrate substantially as follows: On November 7, 2007, at approximately 2:35 p.m., Metropolitan Police Department (MPD) Sergeant Timothy Cortright (Sgt. Cortright), who was assigned to the MPD Central Auto Theft Unit (Auto Theft Unit), was working in plain clothes, in an unmarked vehicle, in the area of the 1100 block of Queen Street, N.E., in the District of Columbia. While on assignment, Sgt. Cortright observed an individual, later identified as Errickston Bennett, operating a red, two-door, 2007 Chevy Monte Carlo (Monte Carlo or vehicle), Maryland Tag Number 6BDD02, on Mount Olivet Road, N.E., in the District of Columbia. At the time that Sgt. Cortright observed defendant Bennett operating the vehicle, it was traveling at a high rate of speed.

While the vehicle was in view, Sgt. Cortright conducted a record check on the vehicle tag number, and from the record check he learned that the vehicle had been reported stolen by Enterprise Leasing Corporation (Enterprise), the lawful owner of the Monte Carlo. At that point, Sgt. Cortright lost visual contact with the Monte Carlo; however MPD Detective Daniel J. Straub, who worked in the Auto Theft Unit, had personally taken Enterprise's stolen auto report, and had information about the possible location of the Monte Carlo. Sgt. Cortright called Detective Straub and Detective Straub, provided Sgt. Cortright with defendant Bennett's name, address, and other relevant information regarding the Monte Carlo.

After receiving more information about the vehicle and its possible whereabouts from Detective Straub, Sgt. Cortright drove to the 100 block of Queen Street, N.E., in the District of Columbia, which is an area known as the Trinidad neighborhood, and he observed the Monte Carlo parked at the corner of Queen Street. Sgt. Cortright went to an alley, and stood in a place in the alley where he had an unobstructed view of the parked Monte Carlo. Minutes later, Sgt.

Cortright observed defendant Bennett approach the passenger side of the Monte Carlo, and apply pressure with his finger to an object in his hand. At that time, the Monte Carlo's outside lights flashed. Defendant Bennett opened the front passenger door of the vehicle, leaned into the vehicle toward the backseat, and then backed out of the vehicle. Defendant Bennett walked around to the driver's side of the vehicle, opened the driver's door, entered and sat in the driver's seat of the vehicle, and then he closed the driver's door. After a few minutes, defendant Bennett got out of the vehicle, closed the door, applied pressure with his finger to an object in his hand, and at that point, the outside lights of the vehicle flashed, and he walked down the street toward the alley where Sgt. Cortright was standing. At 2:55 p.m., approximately 20 minutes after Sgt. Cortright first observed defendant Bennett driving the Monte Carlo, Sgt. Cortright apprehended defendant Bennett, and placed him under arrest for Unauthorized Use of a Vehicle, in violation of D.C. Code § 22-3215. Sgt. Cortright conducted a search incident to arrest of defendant Bennett's person, and located inside defendant Bennett's right front pant's pocket were vehicle keys with a tag bearing the Enterprise name and company logo. Sgt. Cortright asked defendant Bennett, "What are these keys to?" Defendant Bennett responded, "The red car up the street." Also recovered from defendant Bennett's person was $333 in U.S. Currency.

     Another MPD officer located the Monte Carlo, and drove the vehicle to the MPD Fifth District impound lot. At the Fifth District impound facility, Sgt. Cortright searched the vehicle, and inside of the unlocked, but closed center console was: 1) a large clear plastic ziploc bag containing 24 very large tannish rocks, which field-tested positive for cocaine; 2) a plastic pill container which contained 104 small ziploc bags, each containing a tannish rock, a portion of which tested positive for cocaine; 3) a Canada Dry identification card with defendant Bennett's

photo on it; 4) a HID Corporation Prox Card; and 5) a Solbiato clothing store receipt in the amount of $474.82.  On the passenger side floorboard of the vehicle was a High Sierra backpack, which contained: 1) an operable, loaded Firestorm .45 caliber semi-automatic pistol with nine rounds of ammunition inside; 2) mail matter with defendant Bennett's name on it, including defendant Bennett's Equifax credit report, and defendant Bennett's child support enforcement paperwork and receipts; 3) a liquor box, which contained a plate, razor blades, several empty ziploc bags that matched the ziplocs in the pill container in the center console, two cigarette lighters, and a electronic scale; and 4) a cellular phone subscribed to defendant Bennett, and defendant Bennett's cellular phone bill.  In the driver's side door pocket there was additional mail matter in the name of Errickston Bennett, including a June 8, 2007, notice letter from Enterprise demanding the return of the Monte Carlo.  In the trunk of the vehicle was: 1) mail matter and other documents in defendant Bennett's name; and 2) tickets issued to defendant Bennett's personal vehicle.  In the glove compartment of the vehicle was: 1) a registration certificate naming Enterprise Leasing Co. as the registered owner of the Monte Carlo; 2) an Enterprise rental agreement between Enterprise and Errickston Bennett; 3) consumer materials for the Monte Carlo; and 4) mail matter and other documents with defendant Bennett's name on it.

## **Argument**

3.   The government seeks to introduce evidence of defendant's prior conviction for Carrying a Pistol Without a License, pursuant to Rule 404(b).

4.   In this case, the government seeks to introduce evidence of the defendant's previous possession and/or use of firearms on at least one other separate occasion.  Regarding the

defendant's prior misconduct, the government intends to introduce evidence of the underlying facts and circumstances related to the following incident: On September 4, 2001, Errickson A. Bennett was driving a blue Ford Taurus station wagon. The defendant had possession of the vehicle all day, and had a key to the vehicle. Shortly before 1545 hours, the defendant was driving the vehicle in the area of Oates St. and Montello Avenue, N.E., in the District of Columbia. Mr. Bennett stopped the car and a passenger exited the vehicle. At about that time, a grey Crown Victoria with tinted windows pulled up nearby. An individual got out of that car and fired gunshots at both the former passenger of the car driven by the defendant and the defendant. Both the former passenger and the defendant were struck by bullets. The defendant then drove himself and his former passenger to a firehouse to receive medical assistance.

At the crime scene, Metropolitan Police Department (MPD) officers recovered several shell casings, including 9 mm shell casings. An officer at the scene secured the Ford Taurus, and observed a handgun on the floor under the driver's seat. The vehicle was towed to the MPD Fifth District impound lot. On September 5, 2001, a search warrant was obtained and executed on the Ford Taurus. Officers recovered a 9 mm Ruger semiautomatic handgun containing at least two live rounds of 9 mm ammunition. The weapon had a magazine capable of holding 15 rounds of 9 mm ammunition. The 9 mm ammunition recovered from the weapon was the same make and caliber as one or more 9 mm shell casing(s) found at the crime scene in the area of Oates St. and Montello Avenue, N.E., in the District of Columbia. A search of the locked glove compartment of the vehicle revealed Errickston Bennett's District of Columbia driver's license.

On September 4, 2001, at approximately 2130 hours, MPD officers located a grey Crown Victoria that had been described as the other vehicle involved in the shooting. That vehicle had

several bullet holes in the right rear passenger side of the vehicle, and several windows were shattered.

The defendant later admitted that although the vehicle was in the name of his deceased grandmother, he drove the car on a regular basis. He further indicated that he had been driving the car all day, and that no one else had been driving the car. The defendant also told police officers that he kept his driver's license in the glove compartment of the Ford Taurus.

The 9 mm Ruger recovered from the Ford Taurus was test-fired and found to be operable. Moreover, Errickston Bennett was neither licensed to carry a pistol in the District of Columbia, nor had he registered a 9 mm Ruger in the District of Columbia. On February 26, 2002, from the above-mentioned events, Mr. Bennett pled guilty to Carrying a Pistol Without a License, in violation of 22 D.C. Code § 4504(a) (2001 ed.).

5.      Under Rule 404(b), the aforementioned gun-related conviction provides proof in this case that Mr. Bennett's possession of an operable, loaded Firestorm .45 caliber semi-automatic pistol, on November 7, 2007, was done knowingly and intentionally, and was not the result of inadvertence, mistake, or accident.[1]

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while the first sentence of the rule is

---

[1] The Government will provide discovery to defense counsel regarding the aforementioned conviction.

6

framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." Id. at 1202. As the Court stated in United States v. Cassell, 292 F.3d 788, 791 (D.C. Cir. 2002)(citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

Such evidence is of course subject like all evidence to the strictures of Rule 403. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).

Here, such evidence is inadmissible only if its probative value is substantially outweighed by the danger of unfair prejudice, and such evidence is always prejudicial. The real issue is whether the September 4, 2001, evidence is probative that defendant possessed the pistol on November 7, 2007. The government's evidence in this case, is "not without holes." United States v. Douglas, 482 F.3d 591, 600 (D.C. Cir. 2007). In this case, the gun was not in plain view, there were no useable fingerprints found on the gun, the gun was concealed inside of a

7

backpack, and the defendant has proffered some explanation for his lack of knowledge that the gun was in the vehicle. The Rule 404(b) evidence therefore is highly probative, and the September 4, 2001, evidence is highly relevant to the question of knowledge, the mens rea required to prove constructive possession. The evidence is also highly probative on the question of intent. Here, the government's evidence of intent is not overwhelming. In this context, the concrete evidence of defendant's prior conviction is highly probative. Finally, "the probative value of another crime is significant 'when the evidence indicates a close relationship to the event charged.'" Douglas, 482 F.3d at 601 (quoting Cassell, 292 F.3d at 795). The evidence indicates a close relationship to the event charged. The September 4, 2001, evidence involved a gun found inside of a vehicle, in which defendant was driving. The significant probative value of the evidence was not substantially outweighed by unfair prejudicial impact.

      6.      As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. Moore, 732 F.2d at 989. See Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[2]

---

[2] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. t 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Id.

7.      In the instant case, the government must prove that the defendant possessed the gun and ammunition that were ultimately recovered from the Monte Carlo knowingly and intentionally.[3]  This means consciously, voluntarily and on purpose, not mistakenly, accidentally or inadvertently.  See Criminal Jury Instructions (the "Red Book"), Instruction 4.29.  The "other crimes" evidence described above is highly probative of the defendant's knowingly and intentional possession of the gun and ammunition in this case.  Moreover, this evidence is also probative in showing that the defendant's possession of the gun and ammunition were not the result of mistake or accident.  The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case.  Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

8.      Numerous cases in this Circuit and others demonstrate that evidence of a prior or subsequent possession of a firearm is admissible as 404(b) evidence.  See United States v. Cassell, 292 F.3d 788, 791 (D.C. Cir. 2002) (evidence of defendant's prior gun possessions admissible under Rule 404(b) "because it was relevant to show knowledge of, and intent to possess, the firearms recovered from his room").  As the Court of Appeals noted in Cassell, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged.'"  Id. at 793 (citation

---

[3/] In United States v. Garner, 396 F.3d 438 (D.C. Cir. 2005), the Court makes clear that the line of D.C. Circuit constructive possession cases are not only still good law, but it also makes clear that the holding in United States v. Linares, 367 F.3d 941 (D.C. Cir. 2004), which was actual possession case, does not preclude the admission of relevant other crimes evidence to prove knowledge in constructive possession cases.

omitted); see also United States v. Toms, 136 F.3d 176, 183-84 & nn. 11-12 (D.C. Cir. 1998) (in constructive possession case, evidence of prior drug activities and firearm possession was admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the instant firearm).

      Several decisions from other circuits have similarly held that possession of a firearm on one occasion is probative of possession on an earlier or later occasion. See United States v. Mills, 29 F.3d 545, 548-49 (10th Cir. 1994) (in Section 922(g)(1) prosecution, evidence of earlier possession of firearms properly admitted under Rule 404(b) as proof of knowing possession); United States v. Brown, 961 F.2d 1039, 1042 (2d Cir. 1992) (in prosecution for possession of unregistered machine gun, evidence of defendant's simultaneous and subsequent possession of handguns properly admitted under Rule 404(b) as proof of defendant's knowledge and absence of mistake or accident); United States v. Gomez, 927 F.2d 1530, 1553-54 (11th Cir. 1991) (in trial involving carrying a firearm in connection with a drug trafficking offense, evidence of prior gun possession properly admitted under Rule 404(b) to prove, inter alia, absence of "accident or coincidence"); United States v. Williams, 895 F.2d 1202, 1204-06 (8th Cir. 1990) (in trial for carrying a firearm in connection with a drug trafficking crime, evidence of prior gun possession obtained from the execution of search warrants was properly admitted over Rule 403 objection because prior possession was probative of knowledge and absence of mistake); United States v. Teague, 737 F.2d 378, 379-81 (4th Cir. 1984) (in prosecution of a felon for possession of a gun, evidence of his subsequent offer to sell a gun was admissible under Rule 404(b) as evidence of intent, knowledge, and absence of mistake in his possession of the gun). Evidence of the defendant's prior possession of a firearm and ammunition should be admitted, therefore, to prove

that the defendants' possession was knowing and intentional, as well as to show absence of mistake or accident.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence pursuant to Federal Rule of Evidence 404(b) should be granted.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

By: _____/s/_____
Rhonda L. Campbell
Assistant United States Attorney
D.C. Bar No. 462402
U.S. Attorney's Office
555 4th Street, N.W., Rm. 4239
Washington, D.C. 20530
(202) 514-9519
rhonda.campbell@usdoj.gov

**Certificate of Service**

I hereby certify that a copy of the United States' Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b), was served upon counsel of record for the defendant, Tony Miles, Esq., 625 Indiana Ave., N.W., Suite 550, Washington, D.C. 20004, through the electronic court filing system, this 29th day of April, 2008.

_____/s/_____
Rhonda L. Campbell
Assistant United States Attorney