UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 07-336 (JDB) |
| | : | |
| ERRICKSTON BENNETT, | : | Trial Date: May 12, 2008 |
| | : | |
| Defendant. | : | |
| _____ | : | |

**GOVERNMENT'S MOTION IN LIMINE TO INTRODUCE EXPERT TESTIMONY**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that a Drug Enforcement Agency (DEA) chemist be allowed to offer expert opinion, which is based on analysis performed by another chemist. As grounds for this motion, the United States provides the following:

**Background**

The above-captioned case is scheduled for trial on May 12, 2008, before the Honorable John D. Bates. On April 29, 2008, the United States was notified by Heather Hartshorn, who is a Senior Forensic Chemist for the Drug Enforcement Agency Laboratory, and the chemist who analyzed the drugs in this case, that she begins jury duty in another jurisdiction on May 13, 2008. Although Ms. Hartshorn has been placed under subpoena, we are uncertain of whether Ms. Hartshorn will be available for trial based upon her separate judicial obligation. Ms. Hartshorn is an essential witness in the United States' case.

That same day, the United States placed DEA Supervisory Chemist Jerome Podorski, on notice that he should review Ms. Hartshorn's analysis in preparation for offering his expert

opinion as to the composition of the drug exhibit.

On May 1, 2008, the United States filed a Motion to Continue Trial or, in the alternative allow the DEA Chemist Jerome Podorski to testify as an expert in the absence of DEA Chemist Heather Hartshorn.[1]  After receiving the motion, the Court ordered an emergency hearing on the United States' motion, which was held on May 2, 2008.  At the hearing regarding the introduction of Mr. Podorski's expert testimony, the Court ordered the parties to file simultaneous briefs.[2]

## Argument

At trial, the government intends to call DEA Chemist Jerome Pordorski, in the absence of DEA Chemist Heather Hartshorn, to offer his expert opinion regarding the chemical composition of the drugs seized in this case.  This method of introducing expert testimony is consistent with the Federal Rules of Evidence, and has been sanctioned by the D.C. Circuit.  Moreover, it is not contrary to the Supreme Court's holding in Crawford v. Washington, 541 U.S. 36 (2004).

Rule 702 of the Federal Rules of Evidence provides for the admission of expert testimony if such "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue."  Rule 703, in turn, provides that "[t]he facts or data in the particular case upon which an expert bases an opinion or inference may be

---

[1] On April 29, 2008, the United States also contacted defense counsel, Rita Bosworth, who advised that the defendant would not stipulate to Ms. Hartshorn's testimony.

[2] On May 2, 2008, at the emergency hearing on this issue, defense counsel Tony Miles, not only confirmed that the defendant would not stipulate to Ms. Harthorn's testimony, but that the defendant opposes a continuance to allow Ms. Hartshorn to fulfil her home state civic obligations, and the defendant would object to the use of DEA Chemist Jerome Podorski's expert testimony of Ms. Hartshorn's drug analysis and results in this case.

those perceived by or made known to the expert at or before the hearing," and, "[i]f of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted."  Rule 703 further clarifies that the expert may not disclose facts or data to the jury that are otherwise inadmissible "unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect."  Finally, Rule 705 provides that "[t]he expert may testify in terms of opinion or inference and give reasons therefore without first testifying to the underlying facts or data, unless the court requires otherwise."  The expert may in any event be required to disclose the underlying facts or data on cross-examination.

The Federal Rules, therefore, plainly contemplate that an expert's testimony may be based on otherwise inadmissible evidence.  This principle has been applied to the present situation.  In United States v. Smith, 964 F.2d 1221 (D.C. Cir. 1992), the government proved that a substance was narcotics without calling the chemist, who had personally done the analysis.  Instead the government called another chemist who based his opinion regarding the composition of the substance on his review of the other chemist's analysis.  The Court of Appeals rejected appellant's argument that the expert's testimony constituted impressible hearsay.  Relying on Fed. R. Evid. 703, the court held that the chemist report "and especially the supporting documents are the kind of evidence on which a forensic chemist reasonably relies in forming an opinion on the composition of a particular substance."  Id. At 1223.  Accordingly, the rules allow, Chemist Podorski to give his expert opinion, even if that expertise was based on otherwise

3

inadmissible hearsay, which would be Chemist Hartshorn's original analysis.[3]

The Court of Appeals has specifically applied Rule 703 in the context of drug chemists. This rule of expert testimony has not been disturbed by Crawford. The Court has recently made clear that Crawford "did not involve expert witness testimony and thus did not alter an expert witness's ability to rely on (without repeating to the jury) otherwise inadmissible evidence in formulating his opinion under Federal Rule of Evidence 703." United States v. Henry, 472 F.3d 910, 914 (D.C. Cir. 2007). In doing so, the Court particularly highlighted that portion of Rule 703, which states that the facts and data relied upon by an expert witness "need not be admissible in evidence." Henry, 472 F.3d at 914 n.6. The Court explicitly found that, although Crawford "altered Confrontation Clause precedent," it did not change the law regarding the admissibility of an expert's testimony because Crawford "said nothing about the [Confrontation] Clause's relation to Federal Rule of Evidence 703." Henry, 472 F.3d 914.

---

[3] Crawford did not undermine the rules governing the admission of expert testimony. Nothing in Crawford renders the rules governing the admission of expert testimony unconstitutional. In Crawford, the Supreme Court held that the Confrontation Clause bars the admission in a criminal prosecution of out-of-court statements that are "testimonial" in nature unless the witness is unavailable to testify and the defendant has had a prior opportunity for cross-examination." 541 U.S. at 68. As the Court made clear, its decision addressed only the admissibility under the Confrontation Clause of "testimonial" hearsay, not "non-testimonial hearsay." Id. Further, Crawford made plain that the Confrontation Clause "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." 541 U.S. at 59 n.9. Therefore, such expert testimony described herein is not barred by Crawford.

Wherefore, the United States respectfully requests that Chemist Podorski be allowed to offer expert opinion on another DEA Chemist's analysis and opinion.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY
D.C. Bar # 498-610


_____/s/_____
RHONDA L. CAMPBELL
ASSISTANT UNITED STATES ATTORNEY
D.C. Bar # 462402
555 4th Street, N.W., Room 4239
Washington, DC 20530
(202) 514-9519
rhonda.campbell@usdoj.gov