IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CR. CASE NO. 07-336 (JDB) |
| ERICKSTON BENNETT | : | |

**DEFENDANT'S BRIEF IN SUPPORT OF ITS POSITION THAT
THE COURT SHOULD BAR THE GOVERNMENT FROM
USING SUBSTITUTE TESTIMONY AT TRIAL**

Erickston Bennett, through undersigned counsel, hereby submits this brief in support of his position that the court should deny the government's request to use a substitute witness at trial, and he states in support the following.

### BACKGROUND

Mr. Bennett's trial is scheduled to begin on May 12, 2008. On April 29, 2008, the government filed a motion to continue the trial date, stating that Heather Hartshorn, the chemist who analyzed the drugs in this case, would be unavailable to testify during the time scheduled for the trial. The government indicated that it was prepared to call another chemist, one who did not conduct the analysis in this case, should the continuance be denied. On May 2, 2008, the court held a status hearing at which Mr. Bennett objected to both the continuance and the government's use of a substitute witness. The court then ordered supplemental briefing on the issue of whether a substitute witness could testify.

## ARGUMENT

1. **Both the Sixth Amendment and <u>Crawford</u> prohibit the use of a substitute witness under these circumstances**

The Sixth Amendment's Confrontation Clause provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. In <u>Crawford v. Washington</u>, 541 U.S. 36, 68 (2004), the Supreme Court interpreted this to mean that a defendant has a constitutional right to confront a witness at trial unless two conditions are both met: (1) the witness is unavailable, and (2) the defendant had a prior opportunity to cross examine that witness. ("Where testimonial evidence is at issue . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross examination.").

In this case, neither of the conditions required by <u>Crawford</u> are met. The government states in its motion to continue that the reason Ms. Hartshorn, the chemist, will be unavailable is that she has jury duty in another jurisdiction.[1] The government did not state to which jurisdiction Ms. Hartshorn must report, but it seems unlikely that a court in any jurisdiction would refuse to excuse her or reschedule her jury service if she presented it with a valid subpoena, which the government has indicated it has issued. It is unreasonable to believe that Ms. Hartshorn cannot reschedule her jury service or inform the other jurisdiction that she is under subpoeana, thus, she cannot be deemed unavailable. It is also undisputed that Mr. Bennett has never had an opportunity to cross examine Ms. Hartshorn in relation to this case. Because neither of the

---

[1] The only possible way Ms. Hartshorn could be classified as "unavailable" under these circumstances is if she qualifies pursuant to FED. R. EVID. 804(a)(5), which states that the declarant "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . . . by process or other reasonable means."

2

conditions of Crawford are met, Mr. Bennett has the absolute right to confront her at trial.

In its initial motion to continue, the government rests its argument on United States v. Henry, 472 F.3d 910 (D.C. Cir. 2007), indicating that it believes this case permits a different chemist, one who did not actually conduct any testing or personally see the evidence when it was received, to testify based solely on Ms. Hartshorn's analysis.  However, the court in Henry did not directly address the issue at stake here.  In that case, the defendants did not timely object to having a witness testify based on hearsay because the trial and appeal occurred before Crawford was decided.  The defendants attempted to raise the issue on the second appeal, and the circuit court rejected their attempt because the defendants were unable to demonstrate that "exceptional circumstances" existed.  The court did not make a decision per se on the Crawford issue, nor did Crawford itself say that the Confrontation Clause does not apply to expert witnesses.

> 2. **Both the Rules of Evidence and Crawford must be satisfied in order for expert witness testimony to be permitted at trial**

During the hearing on May 2, 2008, and in its initial Motion to Continue, the government urges the court to grant its motion because it believes a substitute chemist's testimony would be permissible under Fed. R. Evid. 702.[2]  However, the problem with this argument is that even if testimony is admissible under the rules of evidence, it must still withstand scrutiny under Crawford.  In United States v. Buonsignore, 131 Fed. Appx. 252 (11th Cir. 2005), a defendant asserted that the DEA agent who testified did not conduct an independent analysis of the

---

[2]  "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."

evidence and that his testimony therefore violated <u>Crawford</u>. The court determined that, though the testimony was permissible under Rule 703, it still violated <u>Crawford</u> because the government failed to show both that the witness was unavailable and that the defendant had an opportunity to cross examine the witness.[3] Mr. Bennett does not at this point concede that the government's witness will qualify as an expert, but even if he does, his testimony will still violate <u>Crawford</u>.

## CONCLUSION

The government is attempting to keep Mr. Bennett from exercising his Constitutional Sixth Amendment right to confront the witnesses against him, a right that was recently and vigorously reaffirmed by the Supreme Court. For the reasons stated in this brief and for any others the court deems just and reasonable, Mr. Bennett respectfully submits that the court should deny the government's request to use a substitute witness during trial.

Respectfully submitted,
A.J. Kramer
Federal Public Defender


_____/s/_____
Rita Bosworth
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500 ext.105

---

[3] Ultimately the appeal was denied because the court found the <u>Crawford</u> violation resulted in harmless error; however, its holding is still applicable to this case.