UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Criminal Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 07-336 (JDB) |
| | ) | |
| ERICKSTON BENNETT,_____) | | |
| _____ | ) | |

## DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO ADMIT OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

Erickston Bennett, by his attorney, hereby seeks to exclude from the government's case-in-chief at trial other acts or other crime evidence pursuant to Rule 404(b) of the Federal Rules of Evidence. Specifically, pursuant to Rule 404(b), the government seeks to introduce evidence about an unrelated alleged 2002 firearm possession conviction. Mr. Bennett sets forth below the grounds for his opposition.

## BACKGROUND

Mr. Bennett was arrested on November 7, 2007, in the area of the 1100 block of Queen Street, N.E., in the District of Columbia. According to the government, police recovered unlawful drugs, drug paraphernalia and a firearm from a vehicle in which the police allege Mr. Bennett was using. Based on the recovery of these items, Mr. Bennett is now charged by indictment with unlawful possession with intent to distribute fifty grams or more of cocaine base (in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(iii)), unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year (in violation of 18 U.S.C. § 922(g)(1)), and using, carrying and possessing a firearm during a drug trafficking offense (in violation of 18 U.S.C. § 924(c)(1)).

1

Pursuant to Rule 404(b), the government now seeks to introduce at Mr. Bennett's trial evidence concerning Mr. Bennett's alleged prior carrying a pistol without a license conviction. The government contends that the evidence it seeks to introduce pursuant to Rule 404(b) is admissible because it provides proof that Mr. Bennett's alleged possession of a firearm in the instant case "was done knowingly and intentionally, and was not the result of inadvertence, mistake, or accident."  United State's Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) at 6.

The government should be precluded from admitting the proposed 404(b) evidence on several grounds.  First, the government's motion was filed too late and the defense does not have adequate time to fully investigate the matter.  Second, the evidence the government seeks to introduce pursuant to Rule 404(b) has no relevance in this case with respect to Mr. Bennett's knowledge or intent.  The evidence is also not probative of whether Mr. Bennett acted without inadvertence, mistake or accident.   Thus, the proposed evidence should not be admitted under Rule 404(b).  If the Court concludes that this evidence is admissible under Rule 404(b), the evidence should nevertheless be excluded under Rule 403 because its prejudicial effect substantially outweighs any probative value such evidence may have.

## ARGUMENT

## I.    THE GOVERNMENT'S PROPOSED OTHER ACTS EVIDENCE SHOULD BE PRECLUDED DUE TO INADEQUATE NOTICE.

With regard to any evidence the government seeks to introduce at trial pursuant to Federal Rule of Evidence 404(b), Rule 404(b) requires the government to "provide reasonable notice in

advance of trial."[1]  The appropriate time for the government to move for admission of Rule 404(b)

evidence at Mr. Bennett's trial would have been on or before the March 5, 2008, deadline date this

Court set for the filing of pretrial motions.  Even if the government was unable to file its motion by

the March 5 deadline, at a minimum, it should have filed a motion in time for the issue to be

considered at the April 22, 2008, Motions Hearing in this case.  Because the motions filing

deadline and Motions Hearing have passed and because Mr. Bennett's trial is scheduled to begin

soon, the government should be precluded at this time from making its motion pursuant to Rule

404(b).

## II.    THE OTHER ACTS EVIDENCE IS INADMISSIBLE UNDER RULE 404(b).

Rule 404(b) of the Federal Rules of Evidence provides that "evidence of other crimes,

wrongs or acts is not admissible to prove the character of a person in order to show action in

conformity therewith."  Under Rule 404(b), prior acts of the defendant are admissible only if they

are 1) relevant to an issue other than character, 2) necessary, and 3) reliable.  United States v.

Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988);  United States v. Queen, 132 F.3d 991, 995 (4th Cir.

1997).  Even when evidence meets these criteria, its probative value must still outweigh the danger

that the evidence will produce unfair prejudice to the defendant.  Rawle, 845 F.2d at 1247; Queen,

132 F.3d at 995.  See also Fed. R. Evid. 403.

Rule 404(b) forbids the admission of evidence of other acts committed by the defendant

that prove only that he is disposed toward criminal behavior.  United States v. Hernandez, 975 F.2d

1035, 1038 (4th Cir. 1992).  Therefore, "[t]he threshold inquiry a court must make before

---

[1]The Rule does provide a limited exception for when 404(b) evidence may be permitted
upon short notice.  But, the Rule clearly states that such exceptions are only warranted in
situations where good cause is shown.

admitting similar acts evidence under rule 404(b) is whether that evidence is probative of a material issue other than character." United States v. McMillon, 14 F.3d 948, 954 (4th Cir.1994) (quoting Huddleston v. United States, 485 U.S. 681, 686 (1988)). To be probative of a material issue and thus relevant, a prior bad act must be sufficiently related to the charged offense. Rawle, 845 F.2d at 1247 n.3. The government bears the burden of showing the relevance of evidence it seeks to have admitted under Rule 404(b).[2]

A.     **The Other Acts Evidence Is Not Probative Of Any Material Issue Other Than Character.**

In order for 404(b) evidence to be admissible, the party seeking to introduce such evidence must demonstrate how the proposed evidence has probative value with respect to an acceptable non-propensity purpose. United States v. Linares, 367 F.3d 941 (D.C. Cir. 2004). In Mr. Bennett's case, the evidence the government seeks to admit pursuant to Rule 404(b) is not necessary to prove any relevant material issue. The only purpose admission of Mr. Bennett's alleged prior conviction can serve is to make Mr. Bennett's character an issue. Although the government claims it seeks admission of the prior alleged conduct to prove knowledge, intent and absence of mistake or accident, the government fails to adequately explain how evidence of the alleged prior conduct will satisfy any of these purposes.

The Court of Appeals for the District of Columbia circuit recognized that "[a] concomitant of the presumption of innocence is that a defendant must be tried for what he did, not for who he is." Linares at 945 (quoting United States v. Daniels, 770 F.2d 1111, 1116 (D.C. Cir. 1985). The Court further noted that "[i]ntroducing evidence of a defendant's prior crimes and

---

[2]See United States v. Hudson, 843 F.2d 1062, 1066 (7th Cir. 1988) and United States v. Hogue, 827 F.2d 660, 662 (10th Cir. 1987).

other bad acts – so called propensity evidence – may conflict with this principle." <u>Linares</u> at 945. In the instant case, admission of the evidence the government proposes to introduce pursuant to Rule 404(b) will surely violate the principle of the presumption of innocence and, therefore, the government's request to admit evidence concerning Mr. Bennett's prior conviction must be denied.

**B.      The Other Acts Evidence is Not Necessary.**

To be admissible, other acts evidence must also be necessary.  "Evidence is necessary when considered in the 'light of other evidence available to the government,' 'it is an essential part of the crimes on trial, or where it furnishes part of the context of the crime.'" <u>United States v. Queen</u>, 132 F.3d 991, 998 (4th Cir. 1997).  The prior crime evidence the government seeks to admit is not necessary to prove an essential element of the charged crime because the alleged prior conviction is not probative of any of the elements of the offenses with which Mr. Bennett is charged in the pending indictment.  Even if the government's proposed 404(b) evidence is considered to be probative of an element, the evidence it seeks to introduce is clearly unnecessary for purposes of proving an element.  With regard to the firearm offenses, the government's evidence in this case is that police recovered a firearm from inside a backpack which clearly belonged to Mr. Bennett.  The backpack contained numerous personal papers belonging to Mr. Bennett and the backpack was located in a vehicle over which Mr. Bennett had control.[3]  Additionally, considering that the alleged prior bad act occurred about seven years ago and it relates to an event which is entirely separate from the events at issue in the instant case, Mr. Bennett's alleged prior conviction does not furnish any context with respect to the crimes alleged in the pending indictment.

---

[3]The government's evidence is that Mr. Bennett was seen driving the vehicle just prior to the recovery of the backpack, Mr. Bennett had rented the vehicle from a car rental company, and the vehicle contained numerous documents and identification bearing Mr. Bennett's name.

### III.    THE OTHER ACTS EVIDENCE SHOULD BE EXCLUDED UNDER RULE 403.

Even if admissible as 404(b) evidence, the other acts evidence the government seeks to introduce should be excluded under Rule 403.  Under Rule 403, relevant evidence may be excluded if its probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

As discussed above, the probative value, if any, of admitting the evidence in which the government seeks to introduce is very weak.  The alleged prior conduct occurred about seven years ago.  The facts of the alleged prior offense are very dissimilar to the facts of the pending case and the alleged prior offense does not involve the same vehicle or backpack which are at issue in the instant case.  In an effort to prove the instant case, the government will surely introduce evidence which strongly connects Mr. Bennett to the vehicle and to the backpack.  The government will also present evidence which indicates that Mr. Bennett was inside the vehicle and driving the vehicle at around the same time that these items were seized.  With such evidence, the introduction of facts involving an incident which allegedly took place in 2001 will have little, if any, probative value.

Admission of the prior crimes evidence which the government proposes to introduce pursuant to Rule 404(b) is severely prejudicial.  Considering that the prior crimes evidence involves allegations relating to a firearm, introduction of such evidence will surely have a major impact on tainting Mr. Bennett's character.  Because the allegations in the instant case involve a firearm, the jury will conclude that it is more likely that Mr. Bennett is guilty of the current firearm offenses simply because he has previously been convicted of a similar offense.  The facts underlying the alleged prior conduct will further cause severe prejudice to Mr. Bennett.  The

6

alleged prior conduct involves allegations of a shoot out between Mr. Bennett and other individuals.  It is alleged that Mr. Bennett participated in the shooting and that Mr. Bennett and another person with whom Mr. Bennett was riding were injured by gunshot wounds.  Additionally, admission of the government's proposed prior crime evidence will likely mislead and confuse jurors because the jury will have difficulty keeping the facts of the 404(b) evidence separate from the facts of the charged offense.  Jurors will also likely have problems ensuring that they use the 404(b) only for its limited intended purpose.

Because the probative value of the government's proposed 404(b) evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues and with misleading jurors, the government's proposed 404(b) evidence must be excluded.

## CONCLUSION

For the reasons described above, pursuant to Rule 404(b) and Rule 403, this Court should prohibit the government from introducing the "other crimes" evidence it proposes to introduce at Mr. Bennett's trial.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Tony W. Miles
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C.  20004
(202)  208-7500

7