UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

ERICKSTON BENNETT,

Defendant.

Criminal Action No. 07-336 (JDB)

FILED

MAY 0 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## ORDER

Currently before the Court is [25] the government's motion in limine to introduce the expert opinion of Drug Enforcement Agency Supervisory Chemist Jerome Podorski in lieu of Senior Forensic Chemist Heather Hartshorn, who conducted the drug analysis in this case. Under Fed. R. Evid. 703: "The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted." Relying on Rule 703, the D.C. Circuit has previously held that the testimony of a supervising forensic chemist, who relied on a subordinate's drug analysis report, was properly admitted where the supporting documents and the drug analysis report were materials that a typical forensic chemist would rely on in forming an opinion. See United States v. Smith, 964 F.2d 1221, 1223 (D.C. Cir. 1992).

The question here is whether this holding remains viable in light of the Supreme Court's opinion in Crawford v. Washington, 541 U.S. 36 (2004), which held that the Confrontation

Clause bars out-of-court testimonial statements unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. The parties cite only one D.C. Circuit case that sheds light on this issue. See United States v. Henry, 472 F.3d 910 (D.C. Cir. 2007). Although the court in Henry concluded that the defendants had waived their claim, the court further stated that "Crawford does not represent an intervening change in the law regarding the admissibility of . . . expert testimony." Id. at 914. Crawford "did not involve expert witness testimony and thus did not alter an expert witness's ability to rely on (without repeating to the jury) otherwise inadmissible evidence in formulating his opinion under Federal Rule of Evidence 703. In other words, while the Supreme Court in Crawford altered Confrontation Clause precedent, it said nothing about the Clause's relation to Federal Rule of Evidence 703." Id.

The Eleventh Circuit, however, has more broadly interpreted Crawford to impact the analysis of expert testimony under Rule 703. In United States v. Buonsignore, for example, an expert testified as to the value of heroin without conducting his own independent analysis. 131 Fed. Appx. 252 (11th Cir. 2005). The defendant argued that the expert merely restated figures provided by someone else, that "he did not have personal knowledge of the value," and that he "could not identify any of the underlying data on which his expert opinion was based." Id. at 255. Because the expert relied on testimonial information obtained from an unidentified individual who was neither unavailable nor previously cross-examined, the court held that the "drug valuation testimony violated the Confrontation Clause." Id. at 257.

In United States v. Springer, however, where the defendant similarly argued that an expert had relied "exclusively on testimonial evidence that was not 'unavailable' for trial or cross-examined by him," the argument was unsuccessful. 165 Fed. Appx. 709, 714 (11th Cir. 2006).

The court distinguished its prior holding by stating that "the expert in Buonsignore was not offering his own expert opinion -- he was offering the expert opinion of an unidentified individual in Washington D.C., which means that the wrong expert was on the stand." Id. at 709. In Springer, however, the expert "formed her own opinion based on her education, training, knowledge, and personal experience in consultation with books and records, as well as a consultation with an individual in the National Tracing Center." Id. at 716. Thus, the Eleventh Circuit found no clear error in the admission of the expert's testimony.

Based upon the D.C. Circuit's guidance in Henry and the Eleventh Circuit's observations in Springer and because it appears that the materials Podorski intends to rely on are those reasonably relied upon by forensic chemists to form opinions regarding the composition of tested materials, the government may offer the testimony of Podorski if Hartshorn is unavailable for trial. However, if at any time it appears that Podorski is simply offering the opinion of Hartshorn without any reliance on his own expertise, the Court may uphold a Crawford objection to the testimony. Hence, the government will proceed at its own peril in light of the uncertainty surrounding Crawford and its application to testimony under Rule 703. As the defense notes, however, it seems unlikely that a court would refuse to reschedule Hartshorn's jury service if presented with a valid subpoena, which the government claims to have issued. The Court therefore advises the government to make every effort to secure Hartshorn's presence at trial.

Accordingly, it is hereby **ORDERED** that [25] the government's motion in limine to introduce expert testimony is **GRANTED**.

/s/
JOHN D. BATES
Dated: May 5, 2008          United States District Judge