UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 07-336 (JDB) |
| : | |
| ERRICKSTON BENNETT, : | Trial Date: May 12, 2008 |
| : | |
| Defendant. : | |
| _____: | |

UNITED STATES' REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION TO ADMIT OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully replies to Defendant's Opposition to Government's Motion to permit the introduction of prior misconduct, all of which is relevant to prove defendant's intent, knowledge, motive, plan, preparation, and absence of mistake, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)") . In support of its motion, the United States relies on the following points and authorities:

**Argument**

Defendant, in his response, complains that because of the timing the disclosure of defendant Bennett's prior gun conviction, the defendant has not had adequate time to fully investigate the matter (See Defendant's Motion at 2). This argument is meritless.

**Legal Principles**

Rule 404(b) evidence is admissible if: (1) it is relevant to an issue other than the defendant's character; (2) sufficient proof would allow a jury to find that the defendant committed the extrinsic act; and (3) its probative value is not substantially outweighed by its undue prejudice, and it meets

1

the other requirements of Rule 403. <u>United States v. Matthews</u>, 431 F.3d 1296, 1310-1311 (11th Cir.2005). Under Rule 403, otherwise relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Moreover, the Court should consider the following three factors in determining whether the government's notice of intent to use Rule 404(b) evidence was reasonable: "(1) When the Government, through timely preparation for trial, could have learned of the availability of the [evidence]; (2) The extent of prejudice to the opponent of the evidence from a lack of time to prepare; and (3) How significant the evidence is to the prosecution's case." <u>United States v. Perez-Tosta</u>, 36 F.3d 1552, 1562 (11th Cir. 1994).

**<u>Analysis</u>**

First, the timing of the disclosure of this evidence has not prejudiced the defendant. Rule 404(b) of the Federal Rules of Evidence requires that the government "provide reasonable notice in advance of trial of the general nature of any [other crimes] evidence it intends to introduce at trial." <u>Id</u>. Here, the government provided the defendant's conviction history to defense counsel on December 20, 2007, and a copy of the certified conviction for Carrying a Pistol Without a License on January 9, 2008. Moreover, on April 30, 2008, after the government received its case file in case number F-5966-01, the government immediately provided defense counsel with the police paperwork related to the case. Furthermore, on May 7, 2008, after conducting a witness conference in this case, the government verbally informed defense counsel of the names of the 404(b) witnesses. Because Rule 404(b) notice needn't take any particular form (see Fed. R. Evid. 404(b) advisory

committee's note (1991)), and the defendant had actual notice, several months ago, that the government would make use of defendant's prior conviction, where the defendant pled guilty to possession of a loaded gun in the vehicle he was driving, therefore, the government has effectuated "reasonable notice." See United States v. Gorman, 312 F.3d 1159, 1163 (10th Cir.2002) (verbal notice sufficient); Perez-Tosta, 36 F.3d at 1562-1563 ( the district court did not abuse its discretion in finding that the government's notice of intent to use Rule 404(b) evidence, provided immediately before voir dire and six days before presentation of the evidence, was reasonable); see, e.g., United States v. Lopez-Gutierrez, 83 F.3d 1235 (10th Cir. 1996) (disclosure on day of trial reasonable where government learned of other crimes evidence night before trial); United States v. Valenti, 60 F.3d 941, 945 (2nd Cir. 1995) (government disclosure of other crimes evidence four days before trial "reasonable" because government had just received the information); United States v. Smith, 383 F.3d 700, 706-07 (8th Cir. 2004) (mid-trial disclosure of other crimes evidence reasonable, when government disclosed evidence as soon as it learned of it); United States v. Preciado, 336 F.3d 739, 745 (8th Cir. 2003) (notice three days before trial reasonable where government disclosed information as soon as it obtained it); United States v. Kern, 12 F.3d 122, 124-25 (8th Cir. 1993) (disclosure fourteen days before trial reasonable); United States v. Blackwell, 954 F. Supp. 944, 968 (D. N.J. 1997) (disclosure of other crimes evidence three days before trial based on circumstances).

     Second, this evidence is significant to the prosecution of the present case. The evidence of prior similar conduct would be offered to show defendant's knowledge and intent to possess a gun on November 7, 2007, rather than to some general propensity for criminal conduct. Moreover, this evidence of other alleged crimes is permissible under Rule 404(b) of the Federal Rules of Evidence to demonstrate not only defendant's knowledge, intent to possess a gun, but also to show modus

operandi in dealing with drugs. In the defendant's earlier case, he admitted that the vehicle he was seen operating belonged to him, and the gun found in plain view on the floorboard of the driver seat belonged to him. Moreover, the officers also found his picture identification card on top of a large vial of PCP in the glove box of the vehicle. By comparison, in the present case, defendant was driving a vehicle rented solely to him, where a gun was found in the vehicle amongst his personal papers, and the crack cocaine was found underneath his picture identification card in the center console of the vehicle. This evidence is significant to defendant's modus operandi - - this is how the defendant operates his drug sale business. Perez-Tosta, 36 F.3d at 1562.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence pursuant to Federal Rule of Evidence 404(b) should be granted.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

By:       /s/_____
Rhonda L. Campbell
Assistant United States Attorney
D.C. Bar No. 462402
U.S. Attorney's Office
555 4th Street, N.W., Rm. 4239
Washington, D.C. 20530
(202) 514-9519
rhonda.campbell@usdoj.gov