IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CRIMINAL NO. 07-336 (JDB) |
| | : | |
| ERRICKSTON BENNETT | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM IN AID OF SENTENCING

Defendant Errickston Bennett, through counsel, respectfully submits the following Memorandum in aid of his sentencing.

Mr. Bennett will appear before this Court for sentencing on August 28, 2008, as a result of his guilty plea to Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base and Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 21 U.S.C. § 841(a)(1) and U.S.C. § 922(g)(1) respectively. In this memorandum, Mr. Bennett agrees with the government's sentencing recommendation and he also requests that the Court impose a sentence of 120 months. When considering all relevant sentencing factors, a sentence of 120 months is an appropriate and reasonable disposition in this matter.

## ARGUMENT

**I.    SENTENCING GUIDELINES**

The defense agrees with the sentencing guideline calculations contained in the Presentence

Report (PSR) (i.e. Offense Level 30; Criminal History Category II; guideline range of 108-135).[1]

Mr. Bennett's requested 120 months sentence is a sentence within the guideline range applicable to this case. The requested sentence, although at the low end of the modified guideline range, is in the middle of the guideline range which would apply if there were no mandatory minimum sentence.

## II.    A SENTENCE OF 120 MONTHS IS A REASONABLE AND APPROPRIATE SENTENCE IN THIS CASE.

Due to a combination of factors, including factors set forth in 18 U.S.C. § 3553(a), a sentence of 120 months is reasonable and appropriate. Mr. Bennett's offense is a non-violent offense, and it is an offense which involves no threatening or intimidating conduct. Mr. Bennett regrets having any involvement in this offense and he is determined to never engage in similar misconduct in the future. Mr. Bennett ultimately accepted responsibility for his behavior by entering into a guilty plea in this case.

Mr. Bennett endured an unstable childhood. Mr. Bennett lived with his mother and father until he was about five years of age. Mr. Bennett was removed from his parents' home due to their substance abuse problems. At five, Mr. Bennett began living with his grandmother. While Mr. Bennett was in high school, his grandmother passed away. At this point, Mr. Bennett was cared for by an aunt.

Despite being shuffled around, Mr. Bennett managed to graduate from high school. Shortly after high school, Mr. Bennett worked as a teacher's aide in Northeast Washington, D.C., and he worked for a realty company in Maryland. From 2002 until his incarceration in connection with the

---

[1] Because the 21 U.S.C. § 841(a)(1) count is a statutory ten year mandatory minimum offense, the Court may not impose a sentence which is less than 120 months in this case. Thus, the PSR refers to a modified 120-135 months guideline range.

instant case, Mr. Bennett worked as a truck driver for various companies.

Mr. Bennett's good character and stable employment over the years contributed to his ability to successfully support his family. Mr. Bennett has two children through a previous long term relationship with Zakiyah Cook. Mr. Bennett would spend time raising his children and he was making child support payments prior to his incarceration in this case. Mr. Bennett also has a child with his current partner, Tiana Witherspoon. According to Ms. Witherspoon, Mr. Bennett is a 'great person and an excellent father.' PSR, ¶ 34. Ms. Witherspoon further advised that Mr. Bennett "was very involved in the day to day activities of his children, and her daughter, as well." Id..

With regard to Mr. Bennett's criminal history, he has only two prior convictions. One conviction is for a misdemeanor offense and the other conviction relates to an arrest which occurred when Mr. Bennett was merely a teenager. With the exception of the instant case, Mr. Bennett has not suffered any convictions or arrests for the past four years. Mr. Bennett realizes that his requested 120 months sentence will cause him to be incarcerated for a lengthy period. Mr. Bennett is committed to using his time in custody wisely. While serving his sentence, Mr. Bennett is interested in receiving treatment for his alcohol abuse and he hopes to learn additional skills. When Mr. Bennett finishes his sentence, he plans to immediately gain employment in order to continue providing support for his children. Mr. Bennett is determined to live a lawful life, and he realizes that behaving properly is best for both himself and his children.

## CONCLUSION

The parties in this case agree on which guideline range is applicable to this case and the parties agree that a sentence of 120 months is an appropriate and reasonable sentence. A sentence of 120 months is within the sentencing guideline range and a sentence of 120 months is justified

based on the sentencing factors enumerated in 18 U.S.C. § 3553(a).

                                      Respectfully submitted,

                                      A. J. KRAMER
                                      FEDERAL PUBLIC DEFENDER

                                                /s/
                                      _____
                                      TONY W. MILES
                                      Assistant Federal Public Defenders
                                      625 Indiana Avenue, N.W.
                                      Washington, D.C. 20004
                                      (202) 208-7500