UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ERRICKSTON BENNETT,<br>    Defendant. | Criminal Action No. 07-336 (JDB) |

MEMORANDUM OPINION & ORDER

Defendant Errickston Bennett seeks to reduce his 120-month sentence for conviction of a crack cocaine offense based on a retroactive amendment to the sentencing guidelines. See 18 U.S.C. § 3582(c)(2). Because his sentence is the mandatory minimum under the governing statute, the Court will deny Bennett's motion.

In 2007, Bennett was arrested and charged with unlawful possession of crack cocaine as well as with two firearm offenses. He then pled guilty to unlawful possession with intent to distribute 50 grams or more of cocaine base (also known as crack) in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) (2006), as well as to one of the firearm offenses. See Plea Agreement [Docket Entry 33] at 1 (May 12, 2008). Bennett acknowledged responsibility for more than 50 grams but less than 150 grams of crack cocaine. See id.; see also Statement of Offense [Docket Entry 34] at 2 (May 12, 2008) (stipulating that Bennett possessed 115.2 grams of cocaine base). At the time, the governing statute provided that any person who possesses, with intent to distribute, 50 grams of more of crack cocaine "shall be sentenced to a term of imprisonment which may not be less than 10 years." 21 U.S.C. § 841(b)(1)(A)(iii) (2006). The United States Sentencing Guidelines range applicable to defendant was 108 to 135 months. In their sentencing memoranda, Bennett and the government both argued for a 120-month sentence. In so doing,

1

Bennett acknowledged that "the 21 U.S.C. § 841(a)(1) count is a statutory ten year mandatory minimum offense," and noted that "the Court may not impose a sentence which is less than 120 months." Def.'s Sentencing Mem. [Docket Entry 37] at 2 n.1 (Aug. 27, 2008). On August 28, 2008, the Court imposed concurrent sentences of 120 months in prison for the two convictions, followed by a period of supervised release, and imposed a special assessment. Bennett now moves to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a retroactive amendment to the applicable sentencing guidelines range [Docket Entry 46]. The government opposes any reduction [Docket Entry 49].

The 120-month mandatory minimum imposed by 18 U.S.C. § 841 at the time of Bennett's sentence reflected a gross disparity in the treatment of crack cocaine and powder cocaine, "impos[ing] upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one one-hundredth that amount of crack cocaine." Dorsey v. United States, 132 S. Ct. 2321, 2326 (2012). In 2010, Congress enacted the Fair Sentencing Act of 2010 ("FSA"), which reduced the crack-to-power disparity from 100-to-1 to 18-to-1. See Pub. L. No. 111-220, 124 Stat. 2372. The statute took effect on August 3, 2010. Under the FSA, the mandatory minimum sentence for possessing, with intent to distribute, 115.2 grams of crack cocaine would only be 60 months. See 21 U.S.C. § 841(b)(1)(B)(iii) (2012); see also FSA § 2(a), Pub. L. No. 111-220, 124 Stat. 2372.

In light of the FSA, the United States Sentencing Commission promulgated amendments that lowered the guidelines ranges for crack offenses. See United States Sentencing Commission Guidelines Manual (U.S.S.G.), amends. 748 & 750 (2011 app. C, vol. 3). The Sentencing Commission made the reduced guideline ranges retroactive. See U.S.S.G. § 1B1.10(c) (2012). The government does not dispute that because the sentencing guidelines range was lowered

retroactively, the applicable guidelines range for Bennett's offense level and criminal history category is now 87 to 108 months, well below his actual sentence.

But a district court "may not modify a term of imprisonment once it has been imposed," except in limited circumstances. See 18 U.S.C. § 3582(c); see also Dillon v. United States, 130 S. Ct. 2683, 2690 (2010). As relevant here, a court may reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2). But because sentencing statutes "trump[] the Guidelines," the Court must sentence an offender to at least the minimum prison term set out in the statute regardless of the applicable guidelines range. See Dorsey, 132 S. Ct. at 2327. Accordingly, if the 120-month mandatory minimum applies to Bennett, the fact that the revised guidelines range now recommends a lower sentence can have no impact.

The key question—as the parties recognize—is whether the FSA, which repealed the 120-month mandatory minimum, applies to Bennett, who was sentenced on August 28, 2008, nearly two years before the FSA's enactment. Binding authority has answered this question "no." In Dorsey, the Supreme Court held that "the Fair Sentencing Act's new minimums apply to all of those sentenced after August 3, 2010," id. at 2336, while acknowledging that this rule creates a disparity "between pre-Act offenders sentenced before August 3 and those sentenced after that date." Id. at 2335. And the D.C. Circuit has squarely held that the FSA "is not retroactive" and a defendant who was "sentenced prior to the August 3, 2010 date of the Act's enactment" "cannot benefit from [it]." United States v. Bigesby, 685 F.3d 1060, 1066 (D.C. Cir. 2012) (internal quotation marks omitted); see also United States v. Fields, 699 F.3d 518, 522 (D.C. Cir. 2012)

("the FSA is inapplicable to offenders, like Fields, who were sentenced before passage of the statute").

Given this rule—that only defendants sentenced after August 3, 2010, can benefit from the FSA—Bennett could benefit from the reduced minimums only if this section 3582 proceeding constitutes a new sentencing. The Supreme Court has considered and rejected this very characterization of section 3582(c)(2) proceedings, however, holding that the provision "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." Dillon, 130 S. Ct. at 2691 (emphasis added); see also U.S.S.G. § 1B1.10(a)(3) ("proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant"). Accordingly, Bennett's sentencing date is indisputably August 28, 2008; hence, the FSA does not apply to him.

Bennett raises a number of other arguments, but none can overcome the governing rule. For instance, he argues that the reasoning of Dorsey supports applying the FSA retroactively to defendants in his position. True, the Supreme Court's Dorsey analysis supports broad application of the FSA. But Dorsey itself limited its reasoning to defendants sentenced after August 3, 2010, and the D.C. Circuit's holdings in Bigesby and Fields have recognized and reaffirmed this point.[1] Bennett also emphasizes the arbitrariness of treating differently individuals "with identical criminal histories, who engaged in the same criminal conduct involving the same amount of crack, and who sought § 3582(c)(2) reductions at the same time from the same judge." Def.'s Mot. to Reduce Sentence [Docket Entry 46] at 9 (July 30, 2012). But "'disparities, reflecting a line-drawing effort, will exist whenever Congress enacts a new law changing sentences.'" Fields,

---

[1] Moreover, in applying the FSA to pre-Act offenders who were sentenced after the Act, the Supreme Court relied heavily on the Sentencing Reform Act's focus on the date "the defendant is sentenced." See Dorsey, 132 S. Ct. at 2332 (internal quotation marks omitted). This critical statutory hook is inapplicable to defendants sentenced before the FSA's enactment.

699 F.3d at 522 (quoting Dorsey, 132 S. Ct. at 2335). And the Supreme Court has acknowledged (and deemed acceptable) that a disparity will exist between otherwise similar offenders based on their sentencing dates. See Dorsey, 132 S. Ct. at 2335 (acknowledging that its holding "will create a new disparity"); see also Fields, 699 F.3d at 522 ("To be sure, the FSA, as interpreted by Dorsey, produces a certain degree of arbitrariness."). The continued existence of this disparity hence cannot require applying the FSA to all offenders who file a section 3582(c)(2) motion regardless of their sentencing date. Bennett also underscores the unfairness of the crack-powder disparity and the desirability, given Congress's recognition in the FSA that the disparity is too high, of applying the reduced disparity broadly. It may be unfortunate that Bennett, who is serving a sentence that both Congress and the Sentencing Commission now consider greater than necessary for his crime, cannot get a reprieve. But Congress, in choosing not to make the FSA retroactive, decided that those like Bennett should continue to serve more severe sentences, and the Court cannot reduce his sentence in light of Congress's choice.[2]

Several courts in this district have considered similar arguments about the FSA's application in section 3582(c)(2) proceedings and have reached the same result. See, e.g., United States v. Baucum, No. 92-423, 2012 WL 6185715 (D.D.C. Dec. 12, 2012); United States v. Seldon, No. 06-318, 2012 WL 6004215 (D.D.C. Dec. 3, 2012); United States v. Sartor, No. 04-455, 2012 WL 3095351 (D.D.C. July 30, 2012). This Court joins them, holding that the pre-FSA mandatory minimums apply to Bennett and preclude any sentence reduction in this section 3582(c)(2) proceeding.

---

[2] In his reply brief, Bennett argues that declining to apply post-FSA mandatory minimums where an amended guidelines range applies "raise[s] equal-protection concerns" because Congress's interest in the finality of sentences "has been absolved by § 3582(c)(2) and the Sentencing Commission's decision to make the amended guidelines retroactive." Def.'s Reply [Docket Entry 50] at 2 (Sept. 11, 2012). But Congress does not lose all interest in the finality of sentences such as defendant's by allowing the "limited adjustment," Dillon, 130 S. Ct. at 2691, permitted under section 3582(c)(2). Accordingly, the "interest in the finality of sentences," which provides a "rational basis for limiting the FSA's retroactive effect," Bigesby, 685 F.3d at 1066 (internal quotation marks omitted), continues to justify the distinction.

## **CONCLUSION**

Accordingly, it is hereby **ORDERED** that [46] Bennett's motion to reduce his sentence is **DENIED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: March 20, 2013